# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GENDRON, as the surviving heir of JOSEPH GENDRON, Deceased,<br><br>Plaintiff,<br><br>-vs.-<br><br>THE BOEING COMPANY, as successor-in-interest to McDONNELL DOUGLAS CORPORATION, and<br>UNITED TECHNOLOGIES CORPORATION,<br><br>Defendants. | Complaint and Demand for Jury Trial<br>Civil Action No.: |

## COMPLAINT

Plaintiff MICHAEL GENDRON, by and through the undersigned counsel, as the Heir of JOSEPH GENDRON, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy as to the Plaintiff exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and the Defendants. Plaintiff Michael Gendron is a citizen of the State of Florida. Defendant The Boeing Company, as successor-in-interest to McDonnell Douglas Corporation (hereinafter referred to as "Boeing") is a citizen of the State of Illinois. Defendant United Technologies Corporation (hereinafter referred to as "UTC") is a citizen of Delaware and Connecticut.

2. This Court has personal jurisdiction over the Defendant Boeing as it is "at home" in Illinois. This Court has personal jurisdiction over Defendant UTC because they have done business in the State of

Illinois and have substantial and continuing contact with the State of Illinois. The Defendants actively sell, market, and promote their products to Defendant Boeing in this state on a regular and consistent basis.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant Boeing resides within the Northern District of Illinois.

**NATURE OF THE CASE**

4. The Decedent served in the U.S. Air Force from 1959 to 1980 as an Aircraft Mechanic. He began his training at Chanute Air Force Base in Champaign County, IL, and was transferred to other numerous Air Force Bases around the world. Following his military career from 1981 to 2007, Decedent worked as an aircraft mechanic and shop supervisor over aircraft mechanics for various companies, including McDonnell Douglas, Lake Shore Inc, American Airlines, and RamRod U.P.

5. Throughout the course of Decedent's career, Decedent was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from products he was using, or around others using, which were manufactured, sold, distributed or installed by the Defendants Boeing and UTC. Decedent's exposure to the materials, products, equipment, activities and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Decedent's entire career or life as to any particular Defendant. Throughout the course of Decedent's career, he was exposed to asbestos-containing products including but not limited to aircraft engines and the components of said engines, aircraft brakes, epoxies, diesel engines on ground equipment.

6. Plaintiff has the right to bring this action on behalf of the Decedent pursuant to the Illinois Survival Act. *See* 755 ILCS 5/27-6. All causes of action asserted in this Complaint survive the death of the Decedent.

7. Plaintiff has the authority to bring the following Wrongful Death Action on behalf of the beneficiaries pursuant to the Illinois Wrongful Death Act. *See* 740 ILCS 180/2.

## **COUNT 1 - NEGLIGENCE**

8. Plaintiff repeats and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive (1-7), with the same force and effect as if more fully set forth herein.

9. At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

10. Decedent's exposure to and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by Defendants.

11. The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

12. On or about February 19, 2018, Decedent first became aware that he had developed Mesothelioma, an asbestos-induced disease, and at a subsequent time learned said disease was wrongfully caused.

13. At all times herein relevant, Defendants had a duty to exercise reasonable care and caution for the safety of Decedent and others working with and around the asbestos-containing products of Defendants.

14. The Defendants failed to exercise ordinary care and caution for the safety of the Decedent in one or more of the following respects:

    (a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

  (b) Included asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

  (c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;

  (d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fiber contained in them;

  (e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instruction on how to avoid inhaling, ingesting or otherwise absorbing asbestos fibers in them; and

  (f) Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by Defendants in order to determine the hazards to which workers such as Decedent might be exposed while working with the products.

  15. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of Defendants, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Mesothelioma, which ultimately led to his death on December 22, 2018; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced Mesothelioma; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-induced Mesothelioma, Decedent was hindered and prevented from pursuing his normal course of work, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, by reason of the death of Decedent, his family has been deprived of his means of support and has lost the society of Decedent; lastly, substantial sums of money were expended by Decedent's estate for funeral and burial.

WHEREFORE, Plaintiff prays judgment be entered against Defendants in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS as and for economic damages which will fairly and reasonably compensate for Decedent's injuries.

>Respectfully submitted,
>MICHAEL GENDRON, Plaintiff

## COUNT II - WILLFUL AND WANTON

16. Plaintiff repeats and re-alleges Paragraphs 1-13 of this Complaint contained in the foregoing paragraphs, with the same force and effect as if more fully set forth herein.

17. Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

> (a) Intentionally or with reckless disregard for the safety of Decedent, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;
>
> (b) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;
>
> (c) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in the products when adequate substitutes for the asbestos in them was available;
>
> (d) Intentionally or with a reckless disregard for the safety of Decedent, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

    (e)    Intentionally or with a reckless disregard for the safety of Decedent, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; and

    (f)    Intentionally or with a reckless disregard for the safety of Decedent, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as Decedent might be exposed while working with the products.

18. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of Defendants, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Mesothelioma, which ultimately led to his death on December 22, 2018; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced Mesothelioma; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-induced Mesothelioma, Decedent was hindered and prevented from pursuing his normal course of work, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, by reason of the death of Decedent, his family has been deprived of his means of support and has lost the society of Decedent; lastly, substantial sums of money were expended by Decedent's estate for funeral and burial.

    WHEREFORE, Plaintiff prays judgment be entered against Defendants in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS which will fairly and reasonably compensate for Decedent's injuries.

Respectfully submitted,
MICHAEL GENDRON, Plaintiff

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants on each of the above-referenced claims and Causes of Action and as follows:

1. Awarding compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

2. Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determine at trial of this action;

3. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiff in an amount sufficient to punish Defendants and deter future similar conduct;

4. Prejudgment interest;

5. Postjudgment interest;

6. Awarding Plaintiff reasonable attorneys' fees;

7. Awarding Plaintiff the costs of these proceedings; and

8. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as to all issues.

THE GORI LAW FIRM


By: <u>  /s/ *Erin L. Beavers*            </u>
Erin L. Beavers, #6276139
Attorneys for Plaintiff
156 N. Main St.
Edwardsville, IL  62025
Phone:  (618) 659-9833
Fax: (618) 659-9834
erin@gorijulianlaw.com